UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

GLORIA ROBINSON JOHNSON        Case No. 16-34517-KLP
                                                (Chapter 13)

    Debtor,

U.S. BANK, N.A. AS TRUSTEE FOR
MANUFACTURED HOUSING          Ref. Dkt. #16
CONTRACT SENIOR/SUBORDINATE
PASS- THROUGH CERTIFICATE
TRUST 1999-1 , AS SERVICER WITH
DELEGATED AUTHORITY UNDER
THE TRANSACTION
DOCUMENTS,

    Movant,

vs.

GLORIA ROBINSON JOHNSON,
LARRY G. JOHNSON, Co-Debtor, and
CARL M. BATES, Trustee.

    Respondents,

## ORDER MODIFYING AUTOMATIC STAY AND CO-DEBTOR STAY

This matter was settled prior to the scheduled February 7, 2018 hearing on the motion for relief from the automatic stay and co-debtor stay filed by U.S. Bank, N.A. as trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-1 , as Servicer with delegated authority under the transaction documents

Kathryn E. Smits, Bar #77337
ksmits@orlans.com
Sameera Navidi, Bar #89441
snavidi@orlans.com
Orlans PC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

("Movant") with respect to the real property located at 1306 Shilly Road, Denmark, SC 29042 and more particularly described as follows:

> All that certain lot of land situate in Bamberg County School District #2, County of Bamberg, State of South Carolina, approximately 2 miles North of the Town of Denmark, and which is particularly shown on the plat thereof prepared by R.J. Parler, RLS, dated April 20, 1998, and which is recorded in the Office of the Clerk of Court for Bamberg County in Plat Book 30, Page 90, and which plat is incorporated herein by reference. On the North 125.73 feet and the Northeast 352.65 feet and the West 231.66 feet by property of Grantor; On the South, Southwest and Southeast 490.37 feet by Shilly Circle.
>
> Derivation: Being the identical property conveyed by Gloria R. Johnson to Larry G. Johnson by deed dated September 11, 1998, and recorded simultaneously herewith.

Upon consideration of which, it is

**ORDERED:**

1.     The debtor will resume making regular monthly installment payments in the amount of $503.94, directly to Ditech Financial LLC f/k/a Green Tree Servicing LLC, P.O. Box 0049, Palatine, Illinois 60055-0049, as they become due commencing on February 15, 2018, subject to adjustment as due under the Note.

2.     The debtor will cure the post-petition arrearage currently due to the movant for December, 2016 through January, 2018 in the total amount of $8,085.98, through the filing and confirmation of a Modified Chapter 13 Plan. The Modified Plan will be filed within forty-five (45) days from the date of entry of this Order Modifying Stay and Co-Debtor Stay and nothing in this Order shall prevent the Trustee or other creditors from filing objections, if they deem it appropriate to do so. Movant will amend their Proof of Claim to include the post-petition arrearage. The post-petition arrearage includes fourteen (14) post-petition payments in the amount of $503.94 each for the months of December 15, 2016 through January 15, 2018, attorneys' fees and costs in the

amount of $1,031.00 for the filing of the Motion for Relief from Stay and Co-Debtor Stay and provides for a credit of $0.18 in debtor's suspense.

      3.      In the event that the Modified Chapter 13 Plan is not filed within forty-five (45) days from the date of entry of this Order Modifying Stay and Co-Debtor Stay or if any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.    That the debtor failed to file a modified Chapter 13 Plan consistent with the terms above, and/or that the debtor is in default in making at least one payment required under this order;
    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.    The action necessary to cure the default, including any address to which payments must be mailed;
    d.    That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i.    cure the default;
        ii.    file an objection with the court stating that no default exists; or
        iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e.    That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in

paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

8.	Relief is granted as to Larry G. Johnson, the co-debtor, from the automatic stay imposed by §1301 to the same extent and on the same terms and conditions as granted as to the debtor.

_____, Virginia
<u>  Mar 26 2018  </u>, 20\_\_\_\_\_

/s/ Keith L Phillips
―――――――――――――――――――
Keith L. Phillips
U.S. Bankruptcy Court Judge

I ASK FOR THIS:

Entered on Docket:  Mar 27 2018

   /s/ Sameera Navidi
Kathryn Smits, Bar #77337
ksmits@orlans.com
Sameera Navidi, Bar #89441
snavidi@orlans.com
Orlans PC
P.O. Box 2548
Leesburg, Virginia 20177
(703) 777-7101

SEEN AND AGREED:


   /s/ James E. Kane
James E. Kane, Esquire
Kane & Papa, PC
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508
Attorney for the Debtor
Re: Case No. 16-34517-KLP



SEEN W/ RESERVATION OF RIGHT
TO OBJECT TO MODIFIED PLAN:


   /s/ Carl M. Bates
Carl M. Bates, Trustee
P. O. Box 1819
Richmond, VA 23218
Re: Case No. 16-34517-KLP

## **CERTIFICATION**

The undersigned certifies that the foregoing Order Modifying Automatic Stay and Co-Debtor Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

                                                  /s/ Sameera Navidi
                                                  Kathryn E. Smits, Esquire
                                                  Sameera Navidi, Esquire

The Clerk shall mail a copy of the entered Order to the following:

Kathryn Smits, Esquire
Sameera Navidi, Esquire
Orlans PC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

Gloria Robinson Johnson
1908 North 20th Street
Richmond, VA 23223
Debtor

Larry G. Johnson
1306 Shilly Road
Denmark, SC 29042
Co-Debtor

James E. Kane, Esquire
Kane & Papa, PC
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508
Attorney for the Debtor

Carl M. Bates, Trustee
P.O. Box 1819
Richmond, VA 23218