**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| IN RE:<br><br>GLORIA ROBINSON JOHNSON<br><br>   Debtor | Case No. 16-34517-KLP<br>Chapter 13 |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A<br>1600 South Douglass Road<br>Suite 200-A<br>Anaheim, CA 92806<br><br>   Movant<br>v.<br><br>LARRY G. JOHNSON<br>1306 Shilly Rd<br>Denmark, SC 29042<br>and<br>GLORIA ROBINSON JOHNSON<br>1306 Shilly Rd<br>Denmark, SC 29042<br><br>   Respondents | Motion No. |

### CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the court on March 6, 2019 the motion of Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A, for relief from the automatic stay with respect to the real property located at 120 Rice Avenue, Denmark, VA 29042 and more particularly described as follows:

All that certain piece, parcel or lot of land, with all improvements thereon, situate, lying and being in the Town of Denmark, County of Bamburg, State of South Carolina, and having the following boundaries and measurements, to wit: On the North by lands, nor or formerly, of Leola Richardson and measuring thereon two hundred eight and no/100 (208') feet, more or less; on the East by the right-of-way of Rice Street and measuring thereon one hundred ten and no/100 (100') feet, more or less; on the South by lands, now or formerly, of James Johnson and measuring thereon two hundred eight and no/100 (208') feet, more or less; and on the West by lands, now or formerly, of John Moody and measuring thereon one hundred ten and no/100 (110') feet, more or less. All of which will more particularly appear by

Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

FILE NUMBER: 69877

MARK D. MEYER, ESQ.
VA BAR 74290

reference to a plat made by Donald J. Smith, Jr. dated October 6, 1997 of record in the office of the Clerk of Court of Bamburg County in Plat Book 30, at Page 75. Together with all and singular the Rights, Members, Hereditaments and Appurtenances to the said Premises belonging, or in anywise incident or appertaining. This being the same property conveyed to Larry G. Johnson, Sr. and Gloria Johnson from D.A. Holder Enterprises, Inc., f/k/a Carolina Investors, Inc. herein by deed dated 04/14/1998 and recorded 04/16/1998 in Deed Book 103 at Page 174.

Upon consideration of which, it is

**ORDERED:**

1. Within Fourteen days the Debtor will file an Amended Chapter 13 Plan to include the total payoff amount due to the Movant of $13,613.87 which is comprised of a total payoff amount of $12,582.87 and Attorney's fees and costs of $1,031.00. Movant shall file an amended proof of claim to include the arrears.

   Make payments payable to:

   Carrington Mortgage Services, LLC
   Bankruptcy Department
   PO Box 3730
   Anaheim, CA 92806

2. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language.
   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;

      i. cure the default;
      ii. file an objection with the court stating that no default exists; or

Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

FILE NUMBER: 69877

MARK D. MEYER, ESQ.
VA BAR 74290

      iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

e. That is the debtor or trustee does not take on of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

3. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

4. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

5. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

6. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $75.00 issuance of a notice of default, and an additional $75.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

FILE NUMBER: 69877

MARK D. MEYER, ESQ.
VA BAR 74290

      7.    Relief is granted as to Larry G. Johnson, the co-debtor, from the automatic stay imposed by 1301(a) to the same extent and on the same terms and conditions as granted as to the debtor.

      Dated:  Mar 22 2019

Richmond-Eastern, Virginia

/s/ Keith L. Phillips
United States Bankruptcy Judge

Entered on Docket: Mar 26 2019

ENDORSEMENTS of

/s/ Mark D. Meyer, Esq.
Mark D. Meyer, Esq.

/s/ James E. Kane
James E. Kane, Esquire

/s/ Carl M. Bates
Carl M. Bates, Trustee

    The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.
      /s/ Mark D. Meyer, Esq.
      Mark D. Meyer, Esq.

### Local Rule 9022-1 (C) Certification

    The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1 (C).

      /s/ Mark D. Meyer, Esq.
      Mark D. Meyer, Esq.

Copy to:
Mark D. Meyer, Esq.
James E. Kane, Esquire

Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814

File Number: 69877

Mark D. Meyer, Esq.
VA Bar 74290

Carl M. Bates

Copy Mailed to:
Gloria Robinson Johnson

Rosenberg &
Associates, LLC
4340 East West
Highway, Suite 600
Bethesda, MD 20814

File Number: 69877

Mark D. Meyer, Esq.
VA Bar 74290